UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

vs.

Case No. 13-20515
HON. GERSHWIN A. DRAIN

MANUEL DEJARANO,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR DISCLOSURE OF ALL STATEMENTS WHICH THE GOVERNMENT WILL SEEK TO ATTRIBUTE TO DEFENDANT [#26] AND GRANTING DEFENDANT'S MOTION FOR DISCLOSURE OF BRADY AND/OR IMPEACHMENT MATERIALS RELATING TO GOVERNMENT WITNESSES [#27]**

**I.     INTRODUCTION**

On July 11, 2013, Defendant, Manuel Antonio Dejarano, was charged by Indictment with Conspiracy to Distribute Controlled Substance (Cocaine), 21 U.S.C. §§ 846 and 841(a), and Conspiracy to Distribute Controlled Substance (Heroin). *Id.* Presently before the Court is Defendant's Motions for Disclosure of All Statements which the Government will Seek to Attribute to Defendant [#26] and for Disclosure of Brady and/or Impeachment Materials Relating to Government Witnesses [#27], both filed on October 21, 2013. No Responses have been filed.[1] The hearing set for November 20, 2013 is cancelled. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set out below, the Court GRANTS Defendant's Motions.

---

[1] Responses were due no later than November 5, 2013. *See* E.D. Mich. L. Cr. R. 12.1(a), E.D. Mich. L.R. 7.1(e)(2)(B).

1

## II. FACTUAL BACKGROUND

The Indictment alleges that Defendant conspired with Jesus Verduzco ("Verduzco") and Miguel Vergara ("Vergara") to distribute cocaine from March 2013 until June 2013. The Indictment additionally alleges that Defendant conspired with Miguel Yescas ("Miguel") and Irma Yescas ("Irma") to distribute heroin in May 2013.

The Government has provided voluminous discovery materials to Defendant, including reports of witness interviews, text messages, and telephone calls between cooperating sources and Defendant. Defendant believes that the cooperating sources have been induced to cooperate with the Government in exchange for not being prosecuted in the instant case.

Additionally, Defendant is aware that the Government has interviewed a number of cooperating unindicted co-conspirators or confidential sources in this matter. Defendant seeks disclosure of the substance of the statements and which statements the Government intends to admit against Defendant at trial.

## III. LEGAL ANALYSIS

### A. Disclosure of All Statements

#### 1. Standard of Review

Under the Federal Rules of Evidence, statements of other parties may be admitted against a defendant when certain conditions are met. FED. R. EVID. 801(d)(2) states:

> A statement is not hearsay if
>
> \*                    \*                    \*
>
> (2) **Admission by party-opponent**. The statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption of belief in truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the

conspiracy...

FED. R. EVID. 801(d)(2) permits the statements of a defendant's representatives, agents, or co-conspirators to be introduced against him in court. However, if the government intends to introduce any such statements, they should first be properly disclosed under FED. R. CRIM. P. 16(a)(1)(A), which states:

> **(A) Defendant's Oral Statement.** Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

It is not necessary that the disclosed statements be in the exact words of the declarant, they may, for example, be in a memorandum of an interview with a prosecutor or government agent. *United States v. Reid*, 43 F.R.D. 520 (N.D. Il. 1967). If the statements are contained in an otherwise undiscoverable internal government report or memorandum, the privileged or irrelevant matter should be excised and the statement produced. *See United States v. Garrett* 305 F. Supp. 267 (S.D.N.Y. 1969).

### 2. Defendant's Argument

Defendant requests that the Court order pretrial disclosure of all statements the Government will seek to attribute to Defendant at trial, so that the parties may litigate issues of admissibility well in advance of trial. Defendant argues that any party-opponent information the Government plans on introducing at trial should first be provided to Defendant via discovery, pursuant to FED. R. EVID. 801(d)(2) and FED. R. CRIM. P. 16(a)(1)(A). Furthermore, Defendant maintains that without full disclosure of all Defendant's prior statements, whether in person or vicariously through other persons, Defendant will not be able to make an informed decision as to how he will exercise his various constitutional rights

and permissible options in connection with these proceedings. *See Poe v. U.S.,* 233 F. Supp. 173, 176 (D.C. Cir. 1964) (Defense counsel's lack of prior knowledge as to the impermissible statements introduced by the prosecution caused counsel to misinform his client, who was subsequently found to be guilty).

The Government did not submit a Response to refute Defendant's allegations. Defendant has provided sufficient evidence to support the conclusion that the Government should disclose all statements which it intends to attribute to Defendant.

**B.     Disclosure of *Brady* and/or Impeachment Materials**

**1.     Standard of Review**

*Brady v. Maryland*, 373 U.S. 83 (1963), requires that the prosecution turn over to the defense any exculpatory evidence in its possession or control. *United States v. Jordan*, 316 F.3d 1215, 1226 n. 15 (11th Cir. 2003). The Supreme Court has made it clear that there is no distinction between exculpatory evidence and impeachment evidence for *Brady* purposes, as both are evidence favorable to the accused and must be disclosed. *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999), *United States v. Mullins*, 22 F.3d 1365, 1372 (6th Cir. 1994). In concert with *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), requires the prosecution to "turn over to the defense evidence in its possession or control which could impeach the credibility of an important prosecution witness." *Jordan,* 316 F.3d at 1226 n. 16.

In order for Defendant to establish a *Brady* violation, he must show that "the prosecutor suppressed evidence; that such evidence was favorable to the defense; and that the suppressed evidence was material." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). There is no *Brady* violation where the defendant "knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source. *Id.* at 601.

**2.     Defendant's Argument**

Defendant believes that cooperating sources have been induced to cooperate with the Government in exchange for not being prosecuted in the instant case. Therefore, Defendant requests the Government provide copies of: (a) *Kastigar* Letters/Immunity Agreements, (b) AUSA offers of immunity or non-prosecution, (c) Pretrial Diversion Offers and/or Agreements, (d) Rule 11 Plea Agreements, (e) Records of any payments made to any potential witnesses, including grand jury appearance fees, and (f) prior conviction records regarding all potential Government witnesses. Defendant argues that the Government has not fulfilled its obligation to turn over the requested evidence in its possession that is favorable to the Defendant and material to guilt or punishment. The Government has not filed a Response in opposition. The Government's refusal to produce material evidence that Defendant does not have reasonable means to obtain elsewhere is a violation of the *Brady* rule.

**IV.     CONCLUSION**

IT IS ORDERED that the Defendant's Motion for Disclosure of all Statements which the Government will Seek to Attribute to Defendant [#25] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Disclosure of Brady adn/or Impeachment Materials Relating to Government Witnesses [#27] is GRANTED.

SO ORDERED.

Dated: November 18, 2013                                   /s/Gershwin A Drain
                                                                            GERSHWIN A. DRAIN
                                                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 18, 2013, by electronic and/or ordinary mail.

<u>/s/ Tanya Bankston</u>
Deputy Clerk